1   Viddell Lee Heard (# 175049)
      vheard@afrct.com
2   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
3   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
4   Tel:  (626) 535-1900 | Fax:   (626) 577-7764

5   Attorneys for Defendant
    WELLS FARGO BANK, N.A., successor by
6   merger with Wells Fargo Bank Southwest, N.A.,
    formerly known as Wachovia Mortgage, FSB,
7   formerly known as World Savings Bank, FSB
    (erroneously sued as "WELLS FARGO HOME
8   MORTGAGE")

9

                    UNITED STATES DISTRICT COURT
10
        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
11

12

13  | SARA CHHAT-THUY,                    | CASE NO. 2:13-cv-03680-DDP-CW |

              Plaintiff,

14

          v.

15

    WELLS FARGO HOME
16  MORTGAGE, a Division of WELLS
    FARGO BANK, N.A; and DOES 1 -
17  10, inclusive,

18            Defendants.

19

20

21

22

**WELLS FARGO BANK, N.A.'S
NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND
AUTHORITIES**

[Filed with separate Request For Judicial
Notice]

Date:        July 1, 2013
Time:        10:00 a.m.
Ctrm:        3

23  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

24          PLEASE TAKE NOTICE that on July 1, 2013, at 10:00 a.m. or as soon

25  thereafter as the matter may be heard in Courtroom 3 of the above-entitled Court

26  located at 312 North Spring Street Los Angeles, CA 90012, WELLS FARGO

27  BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A.,

28  formerly known as Wachovia Mortgage, FSB, formerly known as World Savings

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Bank, FSB (erroneously sued as "WELLS FARGO HOME MORTGAGE")

("Wells Fargo") will move to dismiss each claim for relief in the operative

complaint. The grounds for this motion to dismiss, brought pursuant to Federal

Rules of Civil Procedure 12(b)(6), are:

First Claim for Relief:  Fraud

The complaint fails to state a claim because: (i) the claim is preempted by the Home Owners' Loan Act (HOLA); (ii) the complaint fails to allege a factual or legal basis for the claim; and (iii) the claim is not plead with adequacy or particularity.

Second Claim for Relief:  Accounting

The complaint fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and (iii) the claim is not plead with adequacy or particularity.

Third Claim for Relief:  Intentional Misrepresentation

The complaint fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and (iii) the claim is not plead with adequacy or particularity.

Fourth Claim for Relief:  Negligent Misrepresentation

The complaint fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and (iii) the claim is not plead with adequacy or particularity.

Fifth Claim for Relief:  Promissory Fraud

The complaint fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and (iii) the claim is not plead with adequacy or particularity.

Sixth Claim for Relief: Breach of the Implied Covenant of Good Faith and Fair Dealing

The complaint fails to state a claim because: (i) the claim is preempted by

1   HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and

2   (iii) the claim is not plead with adequacy or particularity.

3       Seventh Claim for Relief: Negligence

4       The complaint fails to state a claim because: (i) the claim is preempted by

5   HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and

6   (iii) the claim is not plead with adequacy or particularity.

7       Eighth Claim for Relief: Violation of Bus. & Prof. Code § 17200 *et seq.*

8       The complaint fails to state a claim because: (i) the claim is preempted by

9   HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and

10  (iii) the claim is not plead with adequacy or particularity.

11      Ninth Claim for Relief: Negligent Infliction of Emotional Distress

12      The complaint fails to state a claim because: (i) the claim is preempted by

13  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and

14  (iii) the claim is not plead with adequacy or particularity.

15      This motion is based on this notice of motion and motion, the attached

16  memorandum of points and authorities, the accompanying request for judicial

17  notice and exhibits thereto, the documents on file in this action, the argument of

18  counsel, and on such other information as the Court may deem appropriate.

19  ///

20  ///

21

22

23

24

25

26

27

28

1    **Compliance with Local Rule 7-3**. On May 23, the day after this action was

2  removed to federal court, Wells Fargo's counsel faxed and mailed a letter to

3  Plaintiff's counsel describing the grounds for this motion and inviting counsel to

4  discuss the issues further. Plaintiff's counsel did not respond.

5

6                                          Respectfully submitted,

7  Dated:  May 29, 2013              ANGLIN, FLEWELLING, RASMUSSEN,
                                          CAMPBELL & TRYTTEN LLP
8

9

10                                   By:  _____/s/ Viddell Lee Heard_____
                                              Viddell Lee Heard
11                                            vheard@afrct.com
                                     Attorneys for Defendant
12                                   WELLS FARGO BANK, N.A., successor by
                                     merger with Wells Fargo Bank Southwest, N.A.,
13                                   formerly known as Wachovia Mortgage, FSB,
                                     formerly known as World Savings Bank, FSB
14                                   ("Wells Fargo")

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

1.   INTRODUCTION ................................................................................. 1

2.   FACTS SUBJECT TO JUDICIAL NOTICE ................................................ 1

3.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA ............................. 2

    A.   At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA ...................... 2

    B.   OTS Regulations Promulgated Under HOLA Preempt Any State Laws that Affect Lending ................................................... 2

    C.   State Laws Preempted by HOLA ........................................... 3

    D.   HOLA Preempts Plaintiff's Claims ....................................... 4

    E.   Numerous Courts Have Recognized That HOLA Preempts Claims Such As Those Asserted Here ...................................... 5

4.   THE COURT SHOULD DISMISS CLAIMS BASED ON THE MERITLESS "HOLDER IN DUE COURSE" ARGUMENT ...................... 7

5.   THE COMPLAINT DOES NOT STATE A CLAIM FOR FRAUD OR NEGLIGENT MISREPRESENTATION ........................................ 10

    A.   The Claims Lack Particularity ............................................ 10

    B.   The Claims Fail To Identify Any Actionable Misrepresentation ....... 11

    C.   The Complaint Does Not Establish A Duty of Disclosure or of Care ..................................................................... 12

6.   THE COMPLAINT DOES NOT STATE A CLAIM FOR NEGLIGENCE OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ................................................................................. 13

7.   THE COMPLAINT DOES NOT STATE AN ACCOUNTING CLAIM ........................................................................................ 15

8.   THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ..................................................................................... 15

9.   THE COMPLAINT DOES NOT STATE A CLAIM FOR VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.* ........................................................................................... 17

10.  PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL ..................... 18

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

11.    CONCLUSION ............................................................................. 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ahmed v. Wells Fargo Bank*,
 2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) ..................................... 7

*Aleem v. Bank of Am.*,
 2010 U.S. Dist. LEXIS 11944 (C.D. Cal. Feb. 9, 2010) ................................... 14

*Amaral v. Wachovia Mortg. Corp.*,
 692 F. Supp. 2d 1226 (E.D. Cal. 2010) ............................................................. 6

*Branch v. Tunnell*,
 14 F. 3d 449 (9th Cir. 1994) ............................................................................. 9

*Castaneda v. Saxon Mortg. Servs.*,
 687 F. Supp. 2d 1191 (E.D. Cal. 2009) ............................................................. 9

*Collins v. Power Default Services, Inc.*,
 2010 U.S. Dist. LEXIS 3361 (N.D. Cal. Jan. 24, 2010) ................................... 19

*Curcio v. Wachovia Mortg. Corp.*,
 2009 U.S. Dist. LEXIS 96155 (S.D. Cal. Oct. 14, 2009).......................... 4, 6, 7

*DeLeon v. Wells Fargo Bank, N.A.*,
 729 F. Supp. 2d 1119 (N.D. Cal. 2010)............................................................. 2

*Domnie v. Saxon Mortgage*,
 2010 U.S. Dist. LEXIS 76816 (N.D. Cal. July 14, 2010) ................................. 14

*Escobedo v. Countrywide Home Loans, Inc.*,
 2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009)............................... 14

*Glen Holly Entm't, Inc. vs. Tektronix, Inc.*,
 100 F. Supp. 2d 1086 (C.D. Cal. 1999)............................................................ 10

*Gonzalez v. First Franklin Loan Services*,
 2010 U.S. Dist. LEXIS 1657 (E.D. Cal. Jan. 11, 2010) ............................... 4, 12

*Guerrero v. Greenpoint Mortg. Funding*,
 2010 U.S. App. LEXIS 21617 (9th Cir. Oct. 7, 2010)...................................... 19

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Guerrero v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ............................ 2, 6

*Haggarty v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 9962 (N.D. Cal. Feb. 2, 2011) ................................... 2, 9

*Hoffman v. Bank of America, N.A.*,
    2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) .............................. 14

*Jelsing v. MIT Lending*,
    2010 U.S. Dist. LEXIS 38515 at *15 (S.D. Cal. July 9, 2010) ........................ 18

*Jenkins v. JP Morgan Chase*,
    2013 Cal. App. LEXIS 394 (Cal. Ct. App. May 17, 2013) ..................... 8, 12, 13

*Loder v. World Sav. Bank, FSB*,
    2011 U.S. Dist. LEXIS 53166 (N.D. Cal. May 18, 2011) ................................ 9

*Manabat v. Sierra Pacific Mortg. Co., Inc.*,
    2010 U.S. Dist. LEXIS 70377 (E.D. Cal. June 25, 2010) ................................ 15

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) .................................................................. 10, 16

*Murphy v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 78275 (N.D. Cal. July 19, 2011) ................................ 9

*Nguyen v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. LEXIS 113246 (N.D. Cal. October 25, 2010) ............... 7, 17, 19

*Nool v. Homeq Servicing*,
    653 F. Supp. 2d 1047 (E.D. Cal. 2009) ...................................................... 9

*Pantoja v. Countrywide Home Loans*,
    640 F. Supp. 2d 1177 (N.D. Cal. 2009) ..................................................... 9

*Silvas v. E*Trade Mortg. Corp.*,
    514 F.3d 1001 (9th Cir. 2008) ........................................................... 2, 3, 4, 5

*Stefan v. Wachovia, World Savings*,
    2009 U.S. Dist. LEXIS 113480 (N.D. Cal. December 7, 2009) ........................ 5

*Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*,
    2009 U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009) .................................. 17

*Ungerleider v. Bank of America Corp.*,
2010 U.S. Dist. LEXIS 138294 (C.D. Cal. Dec. 27, 2010) .............................. 11

*Vaughn v. CitiMortgage, Inc.*,
2010 U.S. Dist. LEXIS 110405 (E.D. Cal. Oct. 18, 2010) ................................. 9

*Velasquez v. Chase Home Finance LLC*,
2010 U.S. Dist. LEXIS 82065 (N.D. Cal. 2010) ................................................ 12

*Villa v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 23741, at **6-7 (S.D. Cal. March 15, 2010) ............... 14

*Winding v. Cal-Western Reconveyance Corp.*,
2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 24, 2011) ................................... 7, 8

*Winding v. NDEX West, LLC*,
2011 U.S. Dist. LEXIS 17702 (E.D. Cal. Feb. 23, 2011) .................................. 9

*Zendejas v. GMAC Wholesale Mortg. Corp.*,
2010 U.S. Dist. LEXIS 64903 (E.D. Cal. June 16, 2010) ................................. 14

**STATE CASES**

*Aguilar v. Bocci*,
39 Cal. App. 3d 475 (1974) .............................................................................. 18

*Burns v. Hiatt*,
149 Cal. 617 (1906) .......................................................................................... 18

*Carma Developers, Inc. v. Marathon Development Calif., Inc.*,
2 Cal. 4th 342 (1992) ........................................................................................ 17

*Conte v. Wyeth, Inc.*,
168 Cal. App. 4th 89 (2009) ............................................................................. 13

*Covenant Care, Inc. v. Superior Court*,
32 Cal. 4th 771 (2004) ...................................................................................... 17

*Eddy v. Sharp*,
199 Cal. App. 3d 858 (1988) ............................................................................ 13

*Ferguson v. Avelo Mortg., LLC*,
195 Cal. App. 4th 1616 (2011) ........................................................................... 9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Foley v. Interactive Data Corp.*,
 47 Cal. 3d 654 (1988) .................................................................... 16

*FPCI Re-Hab 01 v. E & G Invs.*,
 207 Cal. App. 3d 1018 (1989)................................................... passim

*Guz v. Bechtel Nat'l, Inc.*,
 24 Cal. 4th 317 (2000) .................................................................. 16

*Khoury v. Maly's, Inc.*,
 14 Cal. App. 4th 612 (1993) ......................................................... 17

*Kovich v. Paseo Del Mar Homeowners' Ass'n*,
 41 Cal. App. 4th 863 (1996) ......................................................... 12

*LiMandri v. Judkins*,
 52 Cal. App. 4th 326 (1997) ......................................................... 13

*Lopez v. World Sav. & Loan Ass'n*,
 105 Cal. App. 4th 729 (2003) .......................................................... 3

*McElroy v. Chase Manhattan Mortg. Corp.*,
 134 Cal. App. 4th 388 (2005) ....................................................... 18

*Miller v. Provost*,
 26 Cal. App. 4th 1703 (1994) ....................................................... 18

*Nguyen v. Calhoun*,
 105 Cal. App. 4th 428 (2003) ....................................................... 18

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
 231 Cal. App. 3d 1089 (1991) ................................................. 12, 15

*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*,
 157 Cal. App. 4th 835 (2007) ....................................................... 12

*Potter v. Firestone Tire & Rubber Co.*,
 6 Cal. 4th 965 (1993) ................................................................... 13

*Price v. Wells Fargo Bank*,
 213 Cal. App. 3d 465 (1989) ........................................................ 15

*Racine & Laramie, Ltd. v. California Dep't of Parks and Recreation*,
 11 Cal. App. 4th 1026 (1992) ....................................................... 16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Sipe v. McKenna,*
  88 Cal. App. 2d 1001 (1948) ................................................................ 18

*Smith v. City and County of San Francisco,*
  225 Cal. App. 3d 38 (1990) ................................................................. 15

*Smith v. Int'l Bhd. of Elec. Workers,*
  109 Cal. App. 4th 1637 (2003) ............................................................ 16

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.,*
  49 Cal. App. 4th 472 (1996) ................................................................ 13

*Teselle v. McLoughlin,*
  173 Cal. App. 4th 156 (2009) .............................................................. 15

*Weiss v. Washington Mutual Bank,*
  147 Cal. App. 4th 72 (2007) .................................................................. 3

*Wilhelm v. Pray, Price, Williams & Russell,*
  186 Cal. App. 3d 1324 (1986) ............................................................. 10

*Wolf v. Walt Disney Pictures & Television,*
  162 Cal. App. 4th 1107 (2008) ............................................................ 16

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................ 4, 17

Cal. Civ. Code § 2923.5 ................................................................................ 15

Cal. Civ. Code § 2923.5(a)(2) ......................................................................... 5

**RULES**

Fed. R. Civ. P. 9(b) ........................................................................... 10, 11, 17

**REGULATIONS**

12 C.F.R. § 545.2 ............................................................................................. 3

12 C.F.R. § 560.2 .................................................................................... 2, 4, 7

12 C.F.R. § 560.2(b) ............................................................................. 3, 4, 5, 6

12 C.F.R. § 560.2(b)(4) ......................................................................... 3, 4, 5, 6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

12 C.F.R. § 560.2(b)(9 ...........................................................................5

12 C.F.R. § 560.2(b)(10) ...................................................................4, 5

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)....................................3

**OTHER AUTHORITIES**

5 Witkin, *Cal. Proc.* Pleading (5th ed. 2008)......................................15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## 1.   INTRODUCTION

3      This action represents Plaintiff's last-ditch effort to avoid the consequences

4  of her admitted default on the mortgage loan she received in 2007 from Wells

5  Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A.,

6  f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo").[1]

7      This motion explains why the complaint fails to state any claim on which

8  relief may be granted. Each claim is preempted by regulations promulgated under

9  the federal Home Owners' Loan Act (HOLA). Even if the claims were not

10  preempted, they are unauthorized under California law for the many reasons

11  explained below. Therefore, Wells Fargo asks the Court to dismiss the complaint

12  under Federal Rules of Civil Procedure (FRCP) 9(b) and 12(b).

13

## 2.   FACTS SUBJECT TO JUDICIAL NOTICE

14      In November 2007, Plaintiff and her husband obtained from World Savings

15  Bank (Wells Fargo's predecessor in interest) a $660,000 loan for a property in

16  Bellflower, California. (The husband apparently quit claimed the property to

17  Plaintiff in 2008; he is not a party to this action). The loan was memorialized in a

18  signed note and secured by a signed deed of trust. RJN, Exs. F and G. The deed of

19  trust identifies "World Savings Bank, FSB, its successors and assignees" as the

20  beneficiary. RJN, Ex. F at 1-2 (Article I(C) and (H)). Similarly, the note identifies

21  "World Savings Bank, FSB, a federal savings bank, its successors and assignees"

22  as the lender. RJN, Ex. G at 1.

23      Plaintiff acknowledges that she has defaulted on the loan due to "economic

24

25

26  [1]  Wells Fargo Bank is essentially the successor to World Savings Bank, the entity from whom Plaintiff obtained her 2007 mortgage loan. This chain of corporate

27  succession is more fully explained in Section 3, *infra*. For convenience, this brief will refer to these entities collectively as "Wells Fargo."

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

hardship" and "loss of income." Compl. ¶ 12.

### 3.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA

**A.   At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA**

When Plaintiff took out her loan in 2007, World Savings Bank was a federal savings bank regulated by the Office of Thrift Supervision ("OTS"). *See* RJN, Exs. A and C. World changed its name to Wachovia Mortgage, FSB on December 31, 2007 (RJN, Ex. B) but it remained chartered under HOLA and overseen by the OTS. RJN, Ex. C. Effective November 1, 2009, Wachovia Mortgage, FSB became a division of Wells Fargo Bank, N.A. (RJN, Ex. D), until recently known as Wachovia Mortgage (RJN, Ex. E).[2]

In addition, the deed of trust for the property expressly states that it and the note are "governed by and construed under federal law." RJN, Ex. F ¶ 15.

**B.   OTS Regulations Promulgated Under HOLA Preempt Any State Laws that Affect Lending**

Through its regulatory authority, the OTS "occupies the entire field of lending regulation for federal savings associations."  12 C.F.R. § 560.2.  OTS regulations issued pursuant to HOLA are "intended to preempt all state laws

---

[2]  HOLA applies even though successor Wells Fargo Bank is not chartered as a federal savings bank. *See Haggarty v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 9962 at *11 (N.D. Cal. Feb. 2, 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("[T]he same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010). "Where a national association . . . acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA." *Id.* This is because, as the *Guerrero* court indicated, in a merger the surviving entity succeeds to the rights of the prior entity. *Id.*; *cf. Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-5 (9th Cir. 2008) ("[a]ny doubt should be resolved in favor of preemption") (quotations omitted).

1  purporting to regulate any aspect of the lending operations of a federally chartered

2  savings association, whether or not OTS has adopted a regulation governing the

3  precise subject of the state provision." *Lopez v. World Sav. & Loan Ass'n*, 105

4  Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2.

5       As the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)

6  instructs, preemption analysis under HOLA is simple.  Step one determines

7  whether the type of state law at issue appears on the list set forth in 12 C.F.R.

8  § 560.2(b), which lists the types of state laws that HOLA preempts.  If the type of

9  state law in question appears on the list, the analysis ends there and the law is

10 preempted; there is no step two.  As the Ninth Circuit observed in *Silvas*, 514 F.3d

11 at 1004-05, the OTS's construction of its own regulation 560.2 "must be given

12 controlling weight."  The court went on to declare that any presumption against

13 preemption of state law does not apply to HOLA, and that any doubt should be

14 resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App.

15 4th 72, 76-77 (2007) (holding that state common law claims including fraud and

16 unfair completion, based on pre-payment penalties, were barred by HOLA).

17 **C.    State Laws Preempted by HOLA**

18      The *Silvas* court described the HOLA regulations as "so pervasive as to

19 leave no room for state regulatory control." *Silvas*, 514 F.3d at 1004-05 (internal

20 quotation omitted). Among those regulations are 12 C.F.R. § 560.2(b)(4), (9) and

21 (10), which preempt state laws that "would impose requirements on federal savings

22 banks" regarding (emphasis added):

23           The *terms of credit*, including amortization of loans and

24      the deferral and capitalization of interest and adjustments to the

25      interest rate, balance, payments due, or term to maturity of the

26      loan, including the circumstances under which a loan may be

27      called due and payable upon the passage of time or a specified

28      event external to the loan;

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Disclosure* and advertising, including laws requiring
specific statements, information, or other content to be included
in credit application forms, credit solicitations, billing
statements, credit contracts, or other credit-related documents
and laws requiring creditors to supply copies of credit reports to
borrowers or applicants;

> *Processing, origination, servicing*, *sale or purchase of*, or
> *investment or participation in, mortgages*; . . . .

"As outlined by OTS, the first step is to determine if [the law], as applied, is a type of state law contemplated in the list under paragraph (b) of 12 C.F.R. § 560.2. If it is, the preemption analysis ends." *Silvas*, 514 F.3d at 1006; *see also id.* at 1005 n.1 ("This construction . . . by the OTS must be given controlling weight"). In performing this analysis, the issue is not whether the claim for relief usually or always falls within Section 560.2(b), but whether it does so *as applied* in the case at hand. *See, e.g., Curcio v. Wachovia Mortg. Corp.*, 2009 U.S. Dist. LEXIS 96155, at **15-16 (S.D. Cal. Oct. 14, 2009); *Silvas*, 514 F.3d at 1006 (finding Bus. & Prof. Code § 17200 preempted "as applied in this case.")

**D.     HOLA Preempts Plaintiff's Claims**

The complaint in this action alleges several categories of supposed misconduct by Wells Fargo. First, it alleges that Wells Fargo "securitized" (i.e., sold some interest in) the loan and therefore now lacks authority to foreclose on her property. *See, e.g.,* Compl. ¶¶ 13, 16-18, 23-24, 30, 49, 80, Prayer for Relief ¶ 3. Claims based on these allegations fall squarely within the ambit of 12 C.F.R. §§ 560.2(b)(10), which pertains to the "sale or purchase of , or investment or participation in, mortgages." Those claims are also within the scope of HOLA regulation 12 C.F.R. § 560.2(b)(4), based on the "terms of credit, including . . . the circumstances under which a loan may be called due and payable upon the passage of time" (i.e., foreclosure), and (10) the "processing [or] servicing" of the loan.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    <u>Second</u>, the complaint alleges that Wells Fargo wrongfully failed to modify

2    or consider Plaintiff's request to modify the loan. *See, e.g.,* Compl. ¶¶ 12, 33-38,

3    42, 48, 50, 61-665, 70, 74, 80. HOLA regulation 12 C.F.R. § 560.2(b)(10)

4    encompasses claims based on the "processing [or] servicing" of a loan, while 12

5    C.F.R. § 560.2(b)(4) encompasses claims pertaining to modification ("adjustments

6    to the interest rate, balance, payments due, or term to maturity of the loan") and

7    foreclosure ("the circumstances under which a loan may be called due and payable

8    upon the passage of time").

9    <u>Third</u>, the complaint alleges that Wells Fargo failed to comply with certain

10   foreclosure procedures, including a pre-foreclosure disclosure pursuant to Civil

11   Code § 2923.5. *See* Compl. ¶¶ 58-60. But, as noted, 12 C.F.R. § 560.2(b)(4)

12   preempts claims pertaining to foreclosure (i.e., "the circumstances under which a

13   loan may be called due and payable upon the passage of time or a specified event

14   external to the loan"). Here, Section 2923.5(a)(2) purports to add additional

15   requirements, the pre-foreclosure disclosure and "assessment," to the loan's terms

16   regarding foreclosure. Moreover, the statute imposes disclosure requirements on

17   Wells Fargo, thereby falling within the scope of 12 C.F.R. §§ 560.2(b)(9)

18   ("disclosure") and (10) (the "servicing" of the loan).

19   The *Silvas* court made clear what happens when the allegations in a

20   complaint fall within one of the categories listed under 12 C.F.R. § 560.2(b):  "If

21   so, the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005.

22   Here, every material basis of Plaintiff's claims is preempted by HOLA regulations,

23   and therefore those claims are as well.

24   **E.    <u>Numerous Courts Have Recognized That HOLA Preempts Claims Such</u>**

25   **<u>As Those Asserted Here</u>**

26   A long and growing list of federal courts have determined that claims such

27   as those at issue in this case are preempted by HOLA. As stated in *Stefan v.*

28   *Wachovia, World Savings,* 2009 U.S. Dist. LEXIS 113480, at \*8-9 (N.D. Cal.

1   December 7, 2009) (emphasis added):

2   　　　　The relief Plaintiff seeks under state tort and contract laws are

3   　　　　of general applicability and do not explicitly regulate lending

4   　　　　activities.  To the extent that these state laws are applicable to

5   　　　　the *foreclosure process or the loan agreement itself*, they are

6   　　　　expressly preempted by section 560.2(b). Specifically,

7   　　　　*Plaintiff's claims of misconduct surrounding the foreclosure*

8   　　　　*proceedings clearly fall under the preemption provisions for*

9   　　　　*"processing, origination, sale or purchase of ... mortgages"*

10  　　　　*and "disclosure," Id.* (emphasis added).

11  　　　　In *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 at *4

12  (C.D. Cal. Sept. 14, 2010), the plaintiff contended that Wells Fargo falsely

13  promised that it had canceled the foreclosure sale while it considered the plaintiff's

14  loan application. The *Guerrero* court dismissed the plaintiff's claims for, *inter alia*,

15  estoppel, breach of contract, fraud, and negligence because they "fall within the

16  purview of Section 560.2(b), as they attack Defendant's disclosure and initiation of

17  the foreclosure process." *Id.* at **9-10. The court in *Curcio v. Wachovia Mortg.*

18  *Corp.*, 2009 U.S. Dist. LEXIS 96155 at *16-*18 (S.D. Cal. Oct. 14, 2009)

19  dismissed, with prejudice, claims that were based in part on Wells Fargo's alleged

20  refusal to modify the plaintiff's loan because: "each state Claim for Relief is

21  premised upon allegations regarding Defendant's lending obligations, including:

22  terms of credit, 12 C.F.R. § 560.2(b)(4); disclosure, *Id.* § 560.2(b)(9); 9 and

23  processing, origination, and servicing of mortgages, *Id.* § 560.2(b)(10). These

24  activities are matters committed by Congress to regulation by a federal agency."

25  *Curcio*, 2009 U.S. Dist. LEXIS 96155 at *17; *see also Amaral v. Wachovia Mortg.*

26  *Corp.*, 692 F. Supp. 2d 1226, 1238 (E.D. Cal. 2010) (finding claim based on

27  allegation that bank "made false representations with the intent to induce plaintiffs

28  to make monthly mortgage payments" to be preempted).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Moreover, courts have found that "claims of misconduct surrounding the foreclosure proceedings fall under the preemption provisions for 'processing, origination, sale or purchase of . . . mortgages' and 'disclosure.'" *Curcio*, 2009 U.S. Dist. LEXIS 96155 at *17-*18; *see also Nguyen v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113246 at *14 (N.D. Cal. October 25, 2010).

Federal courts have also dismissed as preempted claims based on the oft-raised argument that the lender lost its right to foreclose by selling or securitizing the loan. In *Winding v. Cal-Western Reconveyance Corp.*, 2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 24, 2011), the plaintiff argued that Wells Fargo lacked authority to foreclose because it no longer possessed the note for the loan. *See id.* at *15. The *Winding* court concluded that "section 560.2 preempts the complaint's allegations as to misconduct surrounding foreclosure originating from negotiable instrument issues. HOLA preemption further warrants dismissal of the complaint's claims given that they address 'sale or purchase of . . . or participation in, mortgages.'" *Id.* at *33-*34: *see also Ahmed v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 49526 at *8-*9 (N.D. Cal. May 9, 2011) (dismissing claims based on allegation that bank "did not possess the promissory note" or "are not the legal owners of the note and Trust Deed.").

Accordingly, Wells Fargo respectfully requests that the Court grant this motion to dismiss *without* leave to amend. Plaintiff cannot "plead around" the fact that her complaint is based on matters preempted by federal regulations. Any amendment would be futile.

**4.    THE COURT SHOULD DISMISS CLAIMS BASED ON THE MERITLESS "HOLDER IN DUE COURSE" ARGUMENT**

As noted, the complaint is based predominantly on the argument that, by "securitizing" or transferring the loan, Wells Fargo lacks the ability to foreclose. *See, e.g.,* Compl. ¶¶ 13, 16-18, 23-24, 30, 49, 80, Prayer for Relief ¶ 3. Plaintiff is not the first defaulted borrower to try to evade foreclosure by arguing that the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   foreclosing lender does not "hold" the note. That argument is known as the "holder

2   in due course" argument, and many borrowers have raised it in an attempt to

3   forestall or undo a foreclosure, and many courts in California have rejected it as a

4   matter of law.

5        Very recently, the court in *Jenkins v. JP Morgan Chase*, 2013 Cal. App.

6   LEXIS 394 (Cal. Ct. App. May 17, 2013), analyzed the issue in great detail and

7   concluded that no legal basis exists for an action to challenge a lender's authority

8   to initiate nonjudicial foreclosure. "California courts have refused to delay the

9   nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive

10  judicial actions to challenge the right, power, and authority of a foreclosing

11  'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." *Id.* at *20-

12  21. Indeed, "the statutory provisions . . . do not require that the foreclosing party

13  have an actual beneficial interest in both the promissory note and deed of trust to

14  commence and execute a nonjudicial foreclosure sale." *Id.* at *25. The *Jenkins*

15  court also ruled, as an alternative basis for dismissing the borrower's claims with

16  prejudice, that no actual controversy exists between a defaulted borrower and the

17  foreclosing lender who allegedly does not possess the note. "Because a promissory

18  note is a negotiable instrument, a borrower must anticipate it can and might be

19  transferred to another creditor. As to plaintiff, an assignment merely substituted

20  one creditor for another, without changing her obligations under the note." *Id.*at

21  *28 (internal quotations omitted).

22       In *Winding*, 2011 U.S. Dist. LEXIS 8962, the plaintiff also argued that Wells

23  Fargo's sale of the note deprived it of any right to foreclose on the property. After

24  an exhaustive review of foreclosure requirements under California law, the

25  *Winding* court rejected Mr. Winding's argument as a matter of law. *Winding*, 2011

26  U.S. Dist. LEXIS 8962 at *14-*15.  When Mr. Winding made the same allegation

27  in a different action, the second federal court ruled that: "there is no legal theory

28  apparent to the court that would permit Plaintiff to prevail . . . based on the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   allegation that the promissory note was alienated and that the beneficiary of the

2   2007 Deed of Trust is somehow therefore uncertain." *Winding v. NDEX West,*

3   *LLC*, 2011 U.S. Dist. LEXIS 17702, at \*18-\*27 (E.D. Cal. Feb. 23, 2011).

4   Numerous other courts have rejected the "holder in due course" theory as well.[3]

5       Here, the Court may take judicial notice that Wells Fargo is the lender under

6   the note and the beneficiary under the deed of trust. *See Branch v. Tunnell*, 14 F.

7   3d 449, 453 (9th Cir. 1994), reversed on other grounds (court may take judicial

8   notice of and consider documents in ruling on motion to dismiss). The note

9   identifies "World Savings Bank, FSB, a federal savings bank, its successors and/or

10  assignees" as the lender, while the deed of trust identifies "World Savings Bank,

11  FSB, its successors and/or assignees" as the lender and beneficiary. *See* RJN, Exs.

12  F at 1-2, G at 1. As demonstrated in Section 3.A, *supra,* Wells Fargo Bank, N.A. is

13  originating lender World Savings Bank's successor-in-interest. Indeed, the

14  complaint acknowledges that Plaintiff applied to *Wells Fargo* for a loan

15  modification and charges *Wells Fargo* with wrongfully refusing to modify her

16  loan. *See, e.g.*, Compl. ¶¶ 12, 63-65, 74.

17      Thus, Plaintiff's position – based on nothing but her say-so -- is that Wells

18  Fargo has full standing and authority to modify her loan and halt foreclosure

19  proceedings, but lacks standing or authority whatsoever to deny a loan

20

21  ───────────────

    [3]  *See, e.g., Pantoja v. Countrywide Home Loans*, 640 F. Supp. 2d 1177, 1186

22  (N.D. Cal. 2009); *Vaughn v. CitiMortgage, Inc.*, 2010 U.S. Dist. LEXIS 110405, at

23  \*3 (E.D. Cal. Oct. 18, 2010) (holder in due course allegation fails to state a claim;
    motion to dismiss granted without leave to amend); *Castaneda v. Saxon Mortg.*

24  *Servs.*, 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009); *Nool v. Homeq Servicing*,

25  653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009); *Loder v. World Sav. Bank, FSB*,
    2011 U.S. Dist. LEXIS 53166, at \*23 (N.D. Cal. May 18, 2011); *Ferguson v. Avelo*

26  *Mortg., LLC*, 195 Cal. App. 4th 1616, 1627 (2011) ("Appellants offer no authority,
    state or federal, to support the legal loophole they claim for defaulting borrowers

27  and their successors."); *Murphy v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS

28  78275, at \*6-\*7 (N.D. Cal. July 19, 2011).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  modification and continue with foreclosure proceedings due to her admitted

2  default. Her position is entirely frivolous, and the Court should dismiss each claim

3  with prejudice.

4  **5.   THE COMPLAINT DOES NOT STATE A CLAIM FOR FRAUD OR**

5  **NEGLIGENT MISREPRESENTATION**

6  The First, Third, Fourth and Fifth Causes of Action allege that Wells Fargo

7  committed fraud or negligent misrepresentation its attempt to foreclose. The First

8  Cause of Action asserts that Wells Fargo's claim "to hold the relevant promissory

9  note and deed of trust" are false and that Wells Fargo "concealed" that from

10  Plaintiff. Compl. ¶¶ 17-19. The Third, Fourth and Fifth Causes of Action are,

11  instead, based on the following alleged provision of the deed of trust: "This

12  Security Instrument secures to Lender: (i) the repayment of the Loan, and all

13  renewals, extensions, and modifications of the Note"; and that this provision

14  constituted a promise that Wells Fargo would, years later, agree to modify

15  Plaintiff's loan.  *See* Compl. ¶¶ 62, 33, 48. *The deed of trust contains no such*

16  *provision*. *See* RJN, Ex. F at 2 (defining term "Note" as including "all extensions,

17  renewals, substitutions and modifications" of the promissory note).

18  In any event, these claims fail for the following reasons.

19  **A.   The Claims Lack Particularity**

20  To state a fraud claim under California law, a plaintiff must allege: (i) a false

21  representation as to material fact, (ii) knowledge of its falsity, (iii) intent to

22  defraud, (iv) actual and justifiable reliance, and (v) resulting damage. *Wilhelm v.*

23  *Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). FRCP 9(b),

24  however, requires that fraud allegations be pled with particularity. *Glen Holly*, 100

25  F. Supp. 2d at 1093-1094. Rule 9(b) mandates the explicit identification of context.

26  "This means the who, what, when, where and how…." *Id.* at 1094. Vague or

27  conclusory allegations cannot satisfy Rule 9(b)'s particularity requirement. *See*

28  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    As against corporate defendants, Rule 9(b) requires plaintiffs to plead:

2    (1) the misrepresentation, (2) the speaker and her authority to speak, (3) when and

3    where the statements were made, (4) whether the statements were oral or written,

4    (5) if written, the documents containing the representations, and (6) the manner in

5    which the representations were allegedly false. *Ungerleider v. Bank of America*

6    *Corp.*, 2010 U.S. Dist. LEXIS 138294 at *12 (C.D. Cal. Dec. 27, 2010).

7    Here, the complaint alleges that Wells Fargo "fraudulently assigned the

8    promissory note" and concealed information from Plaintiff, but it does not disclose

9    the "who, what, when, where and how" of that alleged tortious conduct. As for the

10   (nonexistent) deed of trust provision on which the Third through Fifth Causes of

11   Action are based, the complaint does not plead facts showing "the manner in which

12   the [provision] is allegedly false."

13   **B.    The Claims Fail To Identify Any Actionable Misrepresentation**

14   As noted, the deed of trust does not contain a provision stating: "This

15   Security Instrument secures to Lender: (i) the repayment of the Loan, and all

16   renewals, extensions, and modifications of the Note," and therefore the Third

17   through Fifth Causes of Action based on that imaginary provision necessarily fail.

18   But even if the provision existed, such a provision is not a *representation* that

19   Wells Fargo would modify Plaintiff's loan if she later became unable to pay due to

20   "loss of income." The provision, if it existed in Plaintiff's deed of trust, would be a

21   simple statement that the borrower must repay the sums stated in the note as

22   originally executed, renewed, extended or modified. Thus, even if the Court were

23   to take the complaint's allegations at face value, the Third through Fifth Causes of

24   Action would fail to identify an actionable misrepresentation.

25   The First Cause of Action apparently alleges that Wells Fargo's exercise of

26   its rights under the note and deed of trust constitute fraud because it does not

27   actually have such rights. *See* Compl. ¶ 17. But, as demonstrated in Section 3.A.,

28   *supra,* Wells Fargo is the successor in interest to original lender World Savings

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

11

1   Bank, and is therefore the "Lender" under the note and the "beneficiary" under the

2   deed of trust. Moreover, as the *Jenkins* court recently made clear, California does

3   not recognize a cause of action based on a lender's false assertion of rights under a

4   deed of trust. *See* Section 4, *supra*.

**C.   The Complaint Does Not Establish A Duty of Disclosure or of Care**

6        The First Cause of Action alleges fraud by failure to disclose. *See* Compl. ¶¶

7   19-21. "[T]o establish fraud through nondisclosure or concealment of facts, it is

8   necessary to show the defendant 'was under a legal duty to disclose them.'" *OCM*

9   *Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.,* 157 Cal. App.

10  4th 835, 846 (2007). "The general rule for liability for nondisclosure is that even if

11  material facts are known to one party and not the other, failure to disclose those

12  facts is not actionable fraud unless there is some fiduciary or confidential

13  relationship giving rise to a duty to disclose." *Kovich v. Paseo Del Mar*

14  *Homeowners' Ass'n,* 41 Cal. App. 4th 863, 866 (1996). However, "[a]s a general

15  rule, 'a financial institution owes no duty of care to a borrower when the

16  institution's involvement in the loan transaction does not exceed the scope of its

17  conventional role as a mere lender of money.'" *Velasquez v. Chase Home Finance*

18  *LLC,* 2010 U.S. Dist. LEXIS 82065, at *5 (N.D. Cal. 2010) (quoting *Nymark v.*

19  *Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)); see also

20  *Gonzalez v. First Franklin Loan Services,* 2010 U.S. Dist. LEXIS 1657, 2010 WL

21  144862 *8 (E.D. Cal. Jan. 11, 2010) (same); *Nymark*, 231 Cal. App. 3d at 1092

22  ("[A] financial institution acting within the scope of its conventional activities as a

23  lender of money owes no duty of care to a borrower in preparing an appraisal of

24  the security for a loan when the purpose of the appraisal simply is to protect the

25  lender by satisfying it that the collateral provides adequate security for the loan").

26       Here, Wells Fargo was acting in its traditional role as a lender in originating

27  the loan, as opposed to acting as an investment advisor or joint venturer. *See, e.g.,*

28  RJN, Exs. F and G (standard loan agreements). Moreover, a "borrower must

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Anglin Flewelling Rasmussen Campbell & Trytten llp

1   anticipate it can and might be transferred to another creditor .” *Jenkins,* 2013 Cal.

2   App. LEXIS 394, at *28. Therefore, Wells Fargo owed Plaintiff no duty of

3   disclosure as to its alleged securitization of the loan, and the fraud claim fails.

4   The same is true of the negligent misrepresentation claim. A plaintiff who is

5   unable to plead and prove a duty of care by the defendant cannot maintain a

6   negligent misrepresentation claim. *Conte v. Wyeth, Inc.*, 168 Cal. App. 4th 89, 109

7   (2009). “[A]bsent a duty, the defendant’s care, or lack of care, is irrelevant.”

8   *Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th

9   472, 481 (1996).  The “inability to plead a duty of care . . . precludes [the]

10  maintenance of a cause of action on any negligence theory.” *LiMandri v. Judkins*,

11  52 Cal. App. 4th 326, 349 (1997). “The determination of whether a duty exists is

12  primarily a question of law.”  *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).

13  Because Wells Fargo did not owe Plaintiff a duty of care, it cannot be liable for

14  negligent misrepresentation.

15  **6.   THE COMPLAINT DOES NOT STATE A CLAIM FOR NEGLIGENCE**

16  **OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

17  **Lack of Duty**.  The California Supreme Court has explained that “there is

18  no independent tort of negligent infliction of emotional distress. [citation]  The tort

19  is negligence, a cause of action in which a duty to the plaintiff is an essential

20  element.”  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993).

21  Here,  however, Wells Fargo did not owe Plaintiff a duty of care in considering her

22  for a loan modification. *See* Section 5.C, *supra*. Therefore, the Seventh Cause of

23  Action for negligence and the Ninth Cause of Action for negligent infliction of

24  emotional distress both fail.

25  **No Obligation to Modify Loan.**  Moreover, as demonstrated in Section 5.B,

26  *supra*, Wells Fargo did not promise Plaintiff a loan modification. The negligence

27  cause of action suggests, but does not state, that the HAMP contract between Wells

28  Fargo and the federal government obliged Wells Fargo to give Plaintiff a loan

modification. Nothing could be further from the truth. Federal courts have recognized that borrowers have no legally enforceable right to a loan modification under HAMP. "[L]enders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower." *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal. June 30, 2010) (citing cases; construing *Wells Fargo's* HAMP agreement); *see also Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at **6-7 (S.D. Cal. March 15, 2010). This holding is based on the common-sense ground that:

> As many of the courts have recognized, it would be unreasonable for a qualified borrower seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does not actually require that the servicer modify all eligible loans, nor does any of the other language of the contract demonstrate that the borrowers are intended beneficiaries.

*Hoffman*, 2010 U.S. Dist. LEXIS 70455 at *10 (emphasis added).

Understandably, therefore, "numerous district courts have interpreted identical HAMP agreements and have come to the conclusion that a borrower is not a third party beneficiary." *Id.* (citing cases). Numerous courts have also ruled that a borrower does not have standing to sue its lender for alleged violation of the lender's HAMP agreement.[4] In short, Plaintiff had not cognizable rights under the HAMP agreement, and Wells Fargo did not owe her any duties under the contract.

---

[4] *See, e.g., Aleem v. Bank of Am.*, 2010 U.S. Dist. LEXIS 11944, at **8-10 (C.D. Cal. Feb. 9, 2010); *Villa*, 2010 U.S. Dist. LEXIS 23741, at **5-7; *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017 at *4-5 (S.D. Cal. Dec. 15, 2009); *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010 U.S. Dist. LEXIS 64903, at *9 (E.D. Cal. June 16, 2010); *Domnie v. Saxon Mortgage*, 2010 U.S. Dist. LEXIS 76816, at *5 (N.D. Cal. July 14, 2010).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 7.    THE COMPLAINT DOES NOT STATE AN ACCOUNTING CLAIM

To state an accounting claim, a plaintiff must plead (1) the existence of a fiduciary relation or other circumstance entitling her to an accounting, and (2) a balance due to the plaintiff that can only be ascertained by an accounting. *See* 5 Witkin, Cal. Proc. (5th ed. 2008), Pleading, § 820 at 236, 237; *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). The complaint in this action does not allege either element, nor could it. As noted in the preceding section of this brief, a lender does not have a special or fiduciary relationship with its borrower. *See Nymark,* 231 Cal. App. 3d at 1096-98; *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989); *Manabat v. Sierra Pacific Mortg. Co., Inc.*, 2010 U.S. Dist. LEXIS 70377, at *48 (E.D. Cal. June 25, 2010) (relationship between a bank and its loan customers does not constitute the kind of relationship that warrants an accounting). And the Court may take judicial notice that Plaintiff owes Wells Fargo hundreds of thousands of dollars, not vice versa. *See* RJN, Ex. G (note); Compl. ¶ 12 (acknowledging Plaintiff's default).

### 8.    THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

The Sixth Cause of Action asserts two breaches of the implied covenant of good faith and fair dealing. First, it alleges that Wells Fargo breached the deed of trust's implied covenant by, allegedly, failing to comply with Civil Code § 2923.5, which requires a lender to contact a borrower prior to filing a notice of default. *See* Compl. ¶ 58-60. This part of the claim fails on its face because it is based on *extra-contractual* statutory duties. "[T]he covenant of good faith and fair dealing is, by definition, an implied contract term; it has no relation to any statutory duties which may exist." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990) (rejecting argument that "implied covenant can exist based on certain statutory duties imposed" on the defendant). Plaintiff may not base an implied covenant claim on extra-contractual duties, especially ones that, as here, were

1    created in a statute passed years *after* the loan agreements were formed.

2        The Sixth Cause of Action also asserts that Wells Fargo breached the

3    implied covenant by not giving her a loan modification as required by the (alleged

4    but nonexistent) express provision of the deed of trust. *See* Compl. ¶¶ 62-65.

5    However, an implied covenant claim will not lie for breach of an *express*

6    contractual term. "[W]here breach of an actual term is alleged, a separate implied

7    covenant claim, based on the same breach, is superfluous." *Guz v. Bechtel Nat'l,*

8    *Inc.*, 24 Cal. 4th 317, 327, 352-53 (2000) (dismissing breach of implied covenant

9    claim). "A breach of the covenant of good faith and fair dealing does not give rise

10   to a cause of action separate from a cause of action for breach of the contract

11   containing the covenant." *Smith v. Int'l Bhd. of Elec. Workers*, 109 Cal. App. 4th

12   1637, 1644 n.3 (2003). If Wells Fargo's promise of a loan modification was

13   express, it was not implied.

14       The implied covenant would also fail if Plaintiff were to argue the contracts

15   contain an *implicit* promise to modify the loan. The covenant of good faith and fair

16   dealing is implied to protect the express covenants of the contract, not to protect a

17   general public policy interest that is not directly tied to the contract's purpose.

18   *Racine & Laramie, Ltd. v. California Dep't of Parks and Recreation*, 11 Cal. App.

19   4th 1026, 1031 (1992); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690

20   (1988). "This covenant is read into contracts in order to protect the express

21   covenants or promises of the contract, not to protect some general public policy

22   interest not directly tied to the contract's purpose." *Wolf v. Walt Disney Pictures &*

23   *Television*, 162 Cal.App.4th 1107, 1120 (2008) (internal quotations marks

24   omitted). Here, the obvious purpose of the note and deed of trust is to memorialize

25   the terms on which Plaintiff will pay back her $660,000 loan. Those contracts do

26   not contain implicit promises to change those terms if, years later, one party

27   becomes unable to perform. Such an implicit promise would undermine, not

28   protect, the contract's express terms.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Finally, one element of a breach of the covenant claim is that the plaintiff

2  did all, or substantially all, of the significant things the contract required. *See*

3  *Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*, 2009 U.S. Dist. LEXIS 13692

4  (C.D. Cal. Feb. 5, 2009); *Carma Developers, Inc. v. Marathon Development Calif.,*

5  *Inc.*, 2 Cal. 4th 342, 371-375 (1992). Here, the complaint acknowledges that

6  Plaintiff breached the loan agreements by failing to make the required payments.

7  Compl. ¶ 12. Her breach of the contract would excuse any breach of an implied

8  covenant by Wells Fargo.

9  **9.    THE COMPLAINT DOES NOT STATE A CLAIM FOR VIOLATION**

10     **OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

11    The Eighth Cause of Action asserts a claim for violation of Bus. & Prof.

12  Code § 17200 *et seq.* ("Section 17200") based entirely on the complaint's

13  allegations that Wells Fargo is not a "holder in due course" and that Wells Fargo

14  improperly refused to modify Plaintiff's loan. That claim fails for the reasons

15  discussed elsewhere in this brief. The "holder in due course" argument is frivolous

16  as a matter of law and fact (*see* Section 4, *supra*); the allegations of fraud lack

17  particularity or, more important, any actionable misrepresentation (*see* Section 5,

18  *supra*); Wells Fargo did not owe Plaintiff any duty of care, duty of disclosure or

19  fiduciary duty (*see id.*); and Plaintiff is suing for breach of an implied covenant

20  that does not exist. *See* Section 8, *supra*.

21    The Section 17200 claim also lacks sufficient specificity. A Section 17200

22  claim must state the facts supporting the alleged violation with reasonable

23  particularity. *Khoury v. Maly's, Inc.,* 14 Cal. App. 4th 612, 619 (1993); *Nguyen*,

24  2010 U.S. Dist. LEXIS 113246 at *42; *Covenant Care, Inc. v. Superior Court*, 32

25  Cal. 4th 771, 790 (2004) ("statutory causes of action must be pleaded with

26  particularity"). Moreover, to the heavy extent the Section 17200 claim relies on

27  allegations of fraud (*see* Compl. ¶ 80), they must comply with the particularity

28  requirement of FRCP 9(b). Here, the complaint lacks that particularity. *See* Section

1   5.A, *supra.*

2   ## 10. **PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL**

3   As is true in most cases of this kind, Plaintiff's true goal appears to be an

4   injunction preventing Wells Fargo from foreclosing, as well as a declaration that –

5   despite loaning Plaintiff hundreds of thousands of dollars – Wells Fargo has no

6   interest in the property. *See, e.g.*, Compl. ¶¶ 25, 39, 45, 51, 67, 77, 84, 89, Prayer

7   for Relief ¶ 2-3.

8   However, a debtor seeking an injunction or other equitable relief must tender

9   her outstanding debt. *See FPCI Re-Hab 01 v. E & G Invs.,* 207 Cal. App. 3d 1018,

10   1021 (1989); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may

11   not without payment of the debt, enjoin a sale by a trustee under a power conferred

12   by a deed of trust, or have his title quieted."). A mortgagor may not maintain a

13   quiet title action against the mortgagee without first paying the outstanding debt on

14   which the subject mortgage is based. *Miller v. Provost*, 26 Cal. App. 4th 1703,

15   1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt,

16   quiet his title against the mortgagee"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477

17   (1974) ("The cloud upon…title persists until the debt is paid").  Indeed, equitable

18   principles mandate that when a mortgagor seeks to quiet title as to a mortgagee

19   without first discharging her contractual obligations, such action should be

20   conditioned upon the return of amounts advanced by the mortgagee. *Burns v. Hiatt*,

21   149 Cal. 617, 621-22 (1906). This "tender rule" also applies to claims for

22   cancellation of instruments. *See Jelsing v. MIT Lending,* 2010 U.S. Dist. Lexis

23   38515 at *15 (S.D. Cal. July 9, 2010).

24   "The rules which govern tenders are strict and are strictly applied." *Nguyen*

25   *v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). A complaint that does not allege

26   such a tender does not state a claim for relief under California law. *McElroy v.*

27   *Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388 (2005).

28   Numerous federal courts have applied the tender rule in dismissing lawsuits

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   such as the one at hand. *See Nguyen*, 2010 U.S. Dist. LEXIS 113246 at \*31-36

2   (citing cases); *Collins v. Power Default Services, Inc.*, 2010 U.S. Dist. LEXIS

3   3361, at \*4-\*6 (N.D. Cal. Jan. 24, 2010) (citing California state and federal cases).

4   "The application of the 'tender rule' prevents 'a court from uselessly setting aside a

5   foreclosure sale on a technical ground when the party making the challenge has not

6   established his ability to purchase the property.'" *Nguyen*, 2010 U.S. Dist. LEXIS

7   113246, at \*32. The Ninth Circuit has also recognized and enforced this "tender

8   rule." *See Guerrero v. Greenpoint Mortg. Funding*, 2010 U.S. App. LEXIS 21617,

9   at \*3 (9th Cir. Oct. 7, 2010) (borrowers "lacked standing to bring a claim for

10  'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous

11  tender of the debt owed on the mortgage.")

12       Here, Plaintiff has not alleged that she tendered her outstanding debt, and

13  her admission of default makes clear that she has not done so. Therefore, each

14  claim for equitable relief fails.

**11. <u>CONCLUSION</u>**

16       For each of the foregoing reasons, Wells Fargo requests that the Court grant

17  this motion to dismiss without leave to amend.

18                                  Respectfully submitted,

19  Dated:  May 29, 2013           ANGLIN, FLEWELLING, RASMUSSEN,
20                                       CAMPBELL & TRYTTEN LLP

21

22                                  By:  _____/s/ Viddell Lee Heard_____
                                            Viddell Lee Heard
23                                          vheard@afrct.com
                                    Attorneys for Defendant
24                                  WELLS FARGO BANK, N.A., successor by
                                    merger with Wells Fargo Bank Southwest, N.A.,
25                                  formerly known as Wachovia Mortgage, FSB,
                                    formerly known as World Savings Bank, FSB
26                                  ("Wells Fargo")

27

28

<div style="text-align: left; writing-mode: vertical-rl;">ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP</div>

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiff*

Joel M. Feinstein, Esq.
Chris T. Nguyen, Esq.
Law Office of Joel M. Feinstein, APC.
2021 Business Center Drive, # 213
Irvine, California 92612

Tel: (949) 419-8912 / Fax: (888) 900-5155

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **May 29, 2013.**

| Lina C. Velasquez | */s/ Lina C. Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP